# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 16-1389V
### Filed: July 7, 2017
UNPUBLISHED

| | |
|---|---|
| RITU BHATIA-NUNEZ,<br><br>     Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Alison H. Haskins, Maglio Christopher & Toale, PA, Sarasota, FL, for petitioner.*
*Daniel Anthony Principato, U.S. Department of Justice, Washington, DC, for*
*respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

  On October 25, 2016, petitioner filed a petition for compensation under the
National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.,*[2] (the
"Vaccine Act"). Petitioner alleged that she suffered from Guillain-Barre Syndrome
following an influenza vaccination. On May 11, 2017, the undersigned issued a
decision awarding compensation to petitioner based on the parties' stipulation. (ECF
No. 20.)

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the
undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with
the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of
Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to
identify and move to redact medical or other information, the disclosure of which would constitute an
unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits
within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for
ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. §
300aa (2012).

On June 23, 2017, petitioner filed an unopposed motion for attorneys' fees and costs. (ECF No. 24.)[3]   Petitioner requests attorneys' fees in the amount of $16,306.00 and attorneys' costs in the amount of $817.19. (*Id.* at 1.)  In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses. Thus, the total amount requested is $17,123.19.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request and the lack of opposition from respondent, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $17,123.19[4] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Alison H. Haskins.**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[3] The motion was filed as an unopposed motion and specifically states that respondent has no objection to the overall amount sought.  The motion states that respondent's lack of objection to the amount sought in this case should not be construed as an admission, concession, or waiver as to the hourly rates requested, the number of hours billed, or the other litigation related costs. (ECF No. 24 at 2.)

[4] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.